UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Marcus Rand, | Case No. 19-cv-1631 (JRT/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral made in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Marcus Rand's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1].

After he pled guilty to multiple drug offenses, Petitioner was sentence to a term of imprisonment of 151 months. See, United States v. Rand, No. 1:11-cr-00288-1 (W.D. Mich. 2009). Since his conviction in 2009, Petitioner has pursued a direct appeal, a Section 2255 habeas corpus motion, and permission to file a successive Section 2255 motion. See, United States v. Rand, No. 12-1447, Order (6th Cir. 2013); In re: Marcus Rand, No. 16-cv-652, Order (W.D. Mich. June 2, 2016); Rand v. United States, No. 19-1344, Order (6th Cir. May 17, 2019).

At the time he filed the present action, Petitioner was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. Presently before the Court is Rand's first Section 2241 Petition. (Petition [Docket No. 1]). In the Petition, Rand contends that he is entitled to relief because he believes that his sentence exceeds the maximum sentence permitted for a class C felony under 18 U.S.C. § 3581(b)(3). (Id. at 1).

This Court, however, lacks jurisdiction over the present Petition, so it is recommended that the Petition be dismissed without prejudice.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See, 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus on behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." See, Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is evident, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Abdullah, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now require authorization due to being second or successive. See, United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases).

Here, a §2241 petition, such as the present Petition, is not the appropriate procedural vehicle for Rand because he has not attempted to present his new claim about his sentence via a second or successive §2255 petition.

As previously observed, Plaintiff has already filed section 2255 motions, so he would need to receive authorization to file a second or successive §2255 motion.[1] Rand recently attempted to seek permission to file a second or successive petition from the Sixth Circuit Court of Appeals; however, his request was dismissed for failure to prosecute because he did not respond to a directive from the Sixth Circuit Court of Appeals that he correct a procedural error with his request. See, In re: Marcus Rand, Case No. 19-1344, Order (6th Cir. May 17, 2019) (dismissing matter for lack of prosecution).

In the present case, Rand offers no explanation of why he believes he could not receive leave to file a second or successive Section 2255 motion. Based on a review of the Petition, the Court finds there is no existing legal precedent which Plaintiff can identify that specifically characterizes his prospective claim as one that cannot succeed via § 2255 motion.[2]

Rand has not clearly established that Section 2255 would preclude him from second or successive relief, nor has he demonstrated that the savings clause would apply. Section 2255 is therefore not inadequate or ineffective, and Rand must proceed through that avenue. Rand has not adequately justified his invocation of the savings clause. The Court therefore lacks jurisdiction over his habeas Petition, which must be dismissed without prejudice.

---

[1] The court of appeals is permitted only to authorize particular kinds of claims—either claims that are based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," 28 U.S.C. § 2255(h)(1); or claims that are based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Claims of any other type, even meritorious claims, cannot be authorized under § 2255(h) for further consideration by the district court.

[2] Some courts allow a petition to proceed under the savings clause if the petition relies on a new rule of statutory law made retroactive to cases on collateral review. See, United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018); Harrington v. Ormond, 900 F.3d 246, 249 (6th Cir. 2018); In re: Davenport, 147 F.3d 605, 610–11 (7th Cir. 1998); In re: Dorsainvil, 119 F.3d 245, 251–52 (3d Cir. 1997). The Court, however, need not contemplate relief on this basis because Rand fails to identify any statute that could offer him such relief under the savings clause. Additionally, new constitutional holdings sometimes lead to appellate courts granting second or successive leave, but Rand here again fails to cite any new constitutional case in support of his Petitioner. See, e.g., In re: Gordon, No. 18-cv-3449, 2018 WL 3954189 (6th Cir. Aug. 14, 2018) (per curiam); Jackson v. Barnes, No. 18-cv-1392 (DSD/ECW), Report and Recommendation [Docket No. 12] (D. Minn. Oct. 1, 2018) report and recommendation adopted Order [Docket No. 15] (October 22, 2018).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Marcus Rand's Petitioner for Writ of Habeas Corpus, [Docket No. 1], be **DENIED without prejudice**; and

2. This matter be **DISMISSED without prejudice** for lack of jurisdiction.

Dated: October 11, 2019                              s/Leo I. Brisbois
                                                     Hon. Leo I. Brisbois
                                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).